IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| JERAD KEITH DUNKIN, ) | |
| ) | |
| ADC # 144105 ) | **Case No. 5:10-CV-00055 JLH-JTK** |
|     Petitioner, ) | |
| v. ) | |
| ) | |
| RAY HOBBS, Director, Arkansas ) | |
| Department of Correction ) | |
|     Respondent. ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Jerad Dunkin on March 2, 2010. (Doc. No. 2). A response was filed by Respondent Ray Hobbs on April 8, 2010. (Doc. No. 13). Petitioner did not exercise his right to file a reply brief. (Doc. No. 16). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

### Background

Petitioner pled guilty to commercial burglary, theft of property, and theft by receiving on January 29, 2009, in the White County (Arkansas) Circuit Court. He was sentenced to a total of seven years' imprisonment in the Arkansas Department of Correction (ADC) on March 4, 2009.[1]

---

[1] It does not appear that Petitioner is currently an inmate because a search using Petitioner's name and ADC number do not return any results from the ADC's website. *Inmate Population Search*, ARKANSAS DEPARTMENT OF CORRECTION, http://adc.arkansas.gov/inmate_info/index.php (last visited Apr. 3, 2012). Petitioner also requested

On May 29, 2009, Petitioner filed a motion pursuant to Ark. R. Crim. P. 37.1 alleging ineffective assistance of counsel because counsel did not seek a mental evaluation and because counsel informed him that he would only receive probation if he pled guilty. (Pet'r's Pet. 3, 15-18, Doc. No. 2).  That motion was denied on December 30, 2009, and no appeal was filed.

On May 1, 2010, Petitioner filed a state habeas corpus petition in the White County Circuit Court alleging a violation of the Arkansas speedy trial rules and ineffective assistance of counsel.  This petition was denied on March 9, 2010, because he was not held within the custody of the White County Circuit Court and because the grounds raised in his petition "either were or should have been included in his original Rule 37 petition." (Order Dismissing Habeas Corpus Pet. 2, Doc. No. 7).

**Discussion**

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following four grounds: 1) Petitioner's counsel provided ineffective assistance and misrepresented the sentence that would be received if Petitioner pled guilty; 2) Petitioner's constitutional right to a speedy trial was violated because his counsel failed to file for dismissal on these grounds; 3) Petitioner's statutory right to a speedy trial under Arkansas law was violated; 4) White County prosecutors and courts had no jurisdiction over the theft by receiving charge because the police seizure occurred at Petitioner's residence in Jackson County.  However, the merits of these claims will not be addressed because all of his claims are procedurally-barred and/or they only raise issues of state law.

---

that copies of "all documents and information" be mailed to the Jackson County Clerk's Office. (Doc. No. 19).  Petitioners attacking the validity of their conviction that are no longer incarcerated may still have their petitions considered if they continue to suffer collateral consequences from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968).

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice[2] or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch*, 616 F.3d at 758 (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner's first ground for relief based on ineffective assistance of counsel was presented and denied in the December 2009 petition under Rule 37. The denial was never appealed, and his time to appeal that decision has passed. Ark. R. App. P.—Crim. 2(a)(4). Thus, Petitioner failed to properly exhaust his remedies and his procedural default prevents any federal consideration of this claim. Petitioner's second ground for relief, which concerns his counsel's failure to move for dismissal based on his right to a speedy trial, is also procedurally barred

---

[2] Petitioner does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (internal citations omitted).

because he failed to present this issue to the Arkansas state courts. *See Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

In addition to being procedurally barred for the reasons discussed above, Petitioner's third and fourth grounds for relief also fail to raise any cognizable constitutional issues. Petitioner's third ground for relief is based on perceived violations of his statutory right to a speedy trial under Arkansas law. "Generally, a claim that a state has violated its own speedy trial rules presents a question of state law for determination by state courts." *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir. 1983) (citing *Powers v. White*, 680 F.2d 51, 52 (8th Cir. 1982)). "A federal court's review of such a claim is limited to whether the state's violation of its own speedy trial rules was so fundamentally unfair and prejudicial to petitioner as to deny him due process." *Id.* However, Petitioner does not even allege that any prejudice resulted from the delay. More importantly, Petitioner waived all speedy trial rights under Arkansas statute when he failed to move for dismissal on those grounds before pleading guilty. Ark. R. App. P.—Crim. 28.1(g)(3) (2009).

There does not appear to be any jurisdictional basis for entertaining Petitioner's fourth ground for relief, which concerns whether the location of Petitioner's residence meant that White County prosecutors and courts lacked jurisdiction over the action. Federal courts are only permitted to entertain applications for habeas corpus from persons in state custody based on grounds that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The determination of whether the offense was committed within the territorial jurisdiction of White County officials, rather than Jackson County officials, "is a matter of state law and does not raise a substantial federal constitutional question." *Martin v.*

*Solem*, 801 F.2d 324, 330 (8th Cir. 1986). Further, it appears that Arkansas employs a presumption "that an offense charged was committed within the jurisdiction of the court where the charge was filed, unless the evidence[3] affirmatively shows otherwise." *State v. Osborn*, 345 Ark. 196, 200 (2001). Accordingly, there are no grounds for providing relief under Petitioner's petition.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 9th day of April, 2012.

_____
United States Magistrate Judge

---

[3] The only evidence that Petitioner has provided is his address in Bradford, Arkansas. However, "[t]he Bradford community is located in northeastern White County." *Bradford, Arkansas*, WHITE COUNTY ARKANSAS, http://www.whitecountyar.org/bradford_arkansas.php (last visited April 3, 2012).